**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**HORACE MANN INSURANCE CO.,**
      **- Plaintiff**

    **v.**                                **CIVIL NO. 3:05-CV-664(CFD)(TPS)**

**NATIONWIDE MUTUAL INSURANCE CO.,**
      **- Defendant**

## RULING ON PENDING DISCOVERY MOTIONS

This case involves a fight between two insurance companies to determine which was allegedly the less incompetent in protecting an insured, John Pruden, who was involved in a serious automobile accident that has spawned at least four lawsuits, breach of contract claims, bad faith failure to settle claims, and assignments of claims from Pruden to Vicki Benton, one of two women who were injured in the accident. A more detailed description of the provenance of the pending case is not necessary. It is sufficient to note that here The Horace Mann Insurance Company ("Horace Mann") is suing the Nationwide Mutual Insurance Company ("Nationwide") to recover all or part of a $700,000 settlement payment it made to the victim/assignee Vicki Benton under indemnification and/or subrogation theories. Horace Mann contends, inter alia, that Nationwide owed the primary duty to defend Pruden in the underlying state claim. Nationwide, on the other hand, asserts that it did not have the primary duty to defend driver

Pruden, who was insured by Horace Mann, because Nationwide insured only the owner of the automobile Pruden was driving. Four discovery motions are before the court (Dkt. ## 92, 100, 102, 114) and are ruled upon herein.

## I. MOTION TO QUASH SUBPOENA (DKT. #100)

On September 22, 2006 Horace Mann served a supoena on the law firm of Halloran & Sage LLP, Nationwide's counsel in Vicki Benton's bad faith action against Horace Mann and Nationwide. The subpoena essentially requested all documents in Halloran & Sage's possession regarding the two original state court personal injuriy actions as well as files associated with the bad faith action. Nationwide has moved to quash the subpoena, arguing that the information sought is protected by the attorney-client privilege or the work-product doctrine. Fed. R. Civ. P. 45(c)(3)(A) ("[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies.")

Nationwide argues that the information sought by Horace Mann from Halloran & Sage is privileged because "Nationwide has not: [1] put 'at issue' why it paid $140,000 to settle the bad faith action; [2] waived the privilege by failing to make timely objections; [3] waived the privilege by failing to produce a privilege log." (Dkt. #101 at 2.) The remainder of the memorandum in support addresses Nationwide's legal argument regarding the "at issue" doctrine.

Likewise, Horace Mann focuses its opposition on the "at issue" doctrine and why allegedly it functions as an implied waiver of privilege in this case. While the "at issue" doctrine may well be applicable to some of the documents requested by the contested subpoena, that issue is not determinative of this motion. What is determinative of this motion is Nationwide's failure to sustain its burden of showing that the documents in question are privileged.

This is a lawsuit between sophisticated parties who are in the business of paying claims or litigating them. They are familiar with the Federal Rules of Procedure and the process by which commercial litigation is conducted. They are not like the untutored pro se litigants for whom the court has fashioned special rules. They are, or should be, aware that "the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." von Bulow v. von Bulow, 811 F.2d 136, 144 (2d Cir. 1987) (quoting In re Grand Jury Subpoena Dtd. January 4, 1984, 750 F.2d 223, 224 (2d Cir. 1984).

"That burden cannot be met by mere conclusory or ipse dixit assertions in unsworn motion papers authored by attorneys." OneBeacon Ins. Co. v. Forman Int'l, Ltd., No. 04 Civ. 2271(RWS), 2006 WL 3771010, at *4 (S.D.N.Y. Dec. 15, 2006). An essential step in meeting the burden of establishing the existence of a privilege or an immunity from discovery is the production of an adequately

detailed privilege log "sufficient to enable the demanding party to contest the claim."  Fed. R. Civ. P. 45(d)(2)(A); <u>In re Application for Subpoena to Michael I. Kroll</u>, 224 F.R.D. 326, 328 (E.D.N.Y. Oct. 27, 2004).

The purpose of preparing the privilege log is to assist the the court and the parties in performing the careful analysis that a privilege or immunities evaluation demands. An invocation of a claim of privilege without producing an accompanying privilege log can be an unfair discovery tactic that increases delay in the resolution of lawsuits, fosters excessive motion practice, increases the costs of litigation, and greatly increases the work of the court.  In addition, the very act of preparing a privilege log has a salutary effect on the discovery process by requiring the attorney claiming a privilege to actually think about the merits of assertion before it is made, and to decide whether such a claim is truly approppriate.  Moreover, the requirement of a privilege log is intended to underscore the gravity, if not the solemnity, of an assertion that otherwise presumptively discoverable documents are exempt from discovery. The requirement that detail be provided operates to discourage pro forma, half-baked, dilatory, and even jocular assertions of privilege.

There is a considerable body of law on what privilege logs should contain.

> The privilege log should: identify each document and the
> individuals who were parties to the communications,

> providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected.

United States v. Constr. Prod. Research, 73 F.3d 464, 473 (2d Cir. 1996) (quoting Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (S.D.N.Y. 1993); see also D. Conn. L. Civ. R. 37(a) (setting forth the requirements of a privilege log in this district whenever privilege is asserted as a defense to a request for documents).

Besides a *detail requirement*, there is a *timeliness* requirement associated with privilege logs. The Second Circuit has held that a party objecting to a subpoena for production and inspection must set forth all of its grounds for objection, including privilege grounds, within fourteen days of service of the subpoena. DG Creditor Corp. v. Dabah, 151 F.3d 75, 81 (2d Cir. 1998); Fed. R. Civ. P. 45(c)(2)(B)(person commanded to produce and permit inspection may object to subpoena within 14 days). If a party is claiming privilege, a full privilege log must be supplied along with the objection or within a reasonable time thereafter. Id. A party failing to produce a privilege log fails to perfect its claim of privilege and, therefore, may not rely upon it to forestall discovery. Ruran v. Beth El Temple of W. Hartford, Inc.,

-5-

226 F.R.D. 165, 168-69 (D. Conn. 2005); accord Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 166 (2d Cir. 1992); Animal Legal Def. Fund, Inc. v. Dep't of the Air Force, 44 F. Supp. 2d 295, 303 (D.D.C. 1999); OneBeacon, 2006 WL 3771010, at *4.

The court finds that Nationwide has failed to supply a privilege log to support its claim of privilege. Such a log was neither attached to nationwide's motion to quash, nor to its reply brief.  Nationwide was required to notice all grounds for its objection to the subpoena within the fourteen day window described in Rule 45(c)(2)(B), and was required to file a full privilege log within a "reasonable time" thereafter. DG Creditor Corp., 151 F.3d at 81.  Nationwide interposed a privilege claim on September 28, 2006, and Halloran & Sage followed suit the following day.  (Dkt. #101 Ex. B; Ex. C.) Accordingly, they were required to file a privilege log within a reasonable time thereafter. They have not done so.

What is a "reasonable time" for filing of a privilege log is within the discretion of the court.  A delay of a few days is normally excusable. Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co., 183 F.R.D. 627, 630 (N.D. Ill. 1999)(five day delay not unreasonable).  And, a trial court's determination that a thirty-six delay was not unreasonable has been upheld. Tuite v. Henry, 98 F. 3d 1411 (D.C. Cir. 1996).  In the present case, over

four months has lapsed without Nationwide's filing a privilege log. The court finds that this delay is unreasonable. By failing to file a privilege log, Nationwide has failed to perfect its claim of privilege.  This means that Nationwide and Halloran & Sage have failed to sustain their burden of establishing the existence of a privilege.  Where a party has failed to show that documents are privileged, they are treated as non-privileged and, hence, discoverable.  Accordingly, Nationwide's motion to quash on privilege grounds is unavailing.

The court addresses in passing two other arguments made by Halloran & Sage: (1) the subpoena is too broad in scope, and (2) it calls for a response in too short a period of time. The court squarely disagrees with Halloran & Sage on the breadth argument. Halloran & Sage represented Nationwide on the bad faith claim. Halloran & Sage did not participate at all in the original state cases.  Any documents they have regarding the other two state cases would be in their possession because they were provided by Nationwide as part of Halloran & Sage's investigation into the bad faith allegations.  These documents would presumably be kept in the same place as any other files relating to the bad faith action. The subpoena thus requires that Halloran & Sage search it's files for documents relating to one case.  This is not an undue burden. As to Halloran & Sage's second argument, the court orders that Halloran & Sage produce these documents within 30 days hereof,

which represents a substantial enlargement of time for Halloran & Sage to comply with its obligations. Given this enlargement, and the unnecessary delay that has already ensued, the timeliness argument is unavailing. For all the foregoing reasons, the motion to quash **(Dkt. #100)** is **DENIED**.

## II.     MOTION TO COMPEL (DKT. #102)

During the course of discovery in this case, Nationwide conducted a deposition of Henry Johnson, a regional claims manager for Horace Mann.  Mr. Johnson was apparently involved in a settlement conference on the bad faith action before Judge Martinez of this court.  Also present at the conference was Horace Mann's counsel Kenneth Mulvey; Vicki Benton; Vicki Benton's attorney Ralph Keen; Nationwide's counsel; and a representative from Nationwide. During the deposition Nationwide's counsel asked Mr. Johnson to describe the events that took place during the settlement conference.  Horace Mann's counsel instructed Mr. Johnson not to answer and objected on the record on the basis of Federal Rule of Evidence 408, arguing that evidence of events taking place within settlement negotiations is not admissible and therefore not discoverable.  In its papers Horace Mann has abandoned its Rule 408 argument. It now claims that the information is not discoverable because it is irrelevant.

The court finds the sought-after information easily crosses the Lilliputian threshold of relevance essentially for the reasons

set forth in Nationwide's memorandum in support of its motion to compel (Dkt. # 103) and in its reply brief (Dkt. # 108).  Indeed, Horace Mann has implicitly acknowledged the relevance of this information when it failed to object to similar questions posed to Kenneth Mulve and when Horace Mann itself asked similar questions of Attorney Ralph Keen.  The reasonableness of the settlement agreement between Horace Mann and Vicki Benton, as well as whether the agreement was entered into voluntarily, are issues in this suit.  The information sought is relevant to these issues.  The motion to compel **(Dkt. #102)** is, therefore, **GRANTED** and it is **ORDERED** that Mr. Johnson answer questions regarding the bad faith action settlement conference when his deposition continues.

### III.   RULE 56(F) MOTION (DKT. #114)

Nationwide moves under Rule 56(f) for an order staying its obligation to respond to plaintiff's motion for summary judgment pending additional discovery.  Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party requesting a stay under Rule 56(f) to obtain additional discovery must establish "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the

affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.3d 414, 422 (2d Cir 1989).

Nationwide identifies four pieces of discovery that it argues need to be completed before adequately responding to plaintiff's motion for summary judgment. First, Nationwide has served upon Horace Mann a contention interrogatory asking it to "State the legal and factual bases for your payment of $700,000 to Vicki Benton to settle the claims asserted against you in the Bad Faith Action." (Def's Mem. Supp. at 3.) Second, Nationwide sought documents related to the bad faith action from Kenneth Mulvey, Horace Mann's counsel in the lawsuit. (Id.) Nationwide filed a motion to compel related to these two pieces of information. (Dkt. #74.) The motion was granted by the undersigned (Dkt. #95), however, Horace Mann objected to the ruling (Dkt. #97) and that objection has been pending before Judge Droney since September 2006. As such, Horace Mann has not answered the interrogatory and Kenneth Mulvey has not responded to the subpoena for documents.

The third area of discovery Nationwide asserts it has not yet obtained is the response to questions posed to Henry Johnson regarding the events that took place in the settlement conference on the bad faith action. (Def's Mem. Supp. at 5.) That issue is addressed by the undersigned above, supra II. The court has ordered Mr. Johnson to answer the questions posed.

Finally, Nationwide asserts that it has yet to depose Horace Mann's expert, Brian Ferrell.  (Id. at 6.)  Nationwide claims that it cannot depose the expert until fact discovery is concluded.

Horace Mann argues that Nationwide has failed to establish the materiality of any of the pieces of information sought.  (Dkt. #115 at 3.)  The court disagrees.  The undersigned finds that there remains relevant discovery outstanding in this case, that the discovery could reasonably reveal issues of material fact, that the defendant has made reasonable attempts to obtain the discovery and that these attempts have failed through no fault of its own.  As to the materiality point raised by Horace Mann, the court specifically finds that information regarding Horace Mann's incentive to settle the bad faith action is clearly material to this case.  Information establishing that Horace Mann settled the bad faith action because it believed that it was potentially liable to Vicki Benton could effect the amount of damages owed by Nationwide to Horace Mann.  If Horace Mann settled with Vicki Benton solely for the purpose of capping its own liability, and not due to Nationwide's negligence, Nationwide may well not owe Horace Mann anything.

Nationwide's Rule 56(f) motion **(Dkt. #114)** is therefore **GRANTED**.  In light of this ruling and the other rulings made herein the court will issue a revised scheduling order below.

### IV. MOTION FOR EXTENSION OF TIME (DKT. #92)

Plaintiff's motion for extension of time of all deadlines in

-11-

this case **(Dkt. #92)** is **DENIED** as moot. All of the deadlines proposed have since passed. The court issues a revised scheduling order below.

## V.   SCHEDULING ORDER

The following scheduling order shall enter:

(1) All discovery, including deposition of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) **by May 29, 2007**.

(2) Expert witnesses must be identified **by March 1, 2007**. Depositions of any such experts will be completed by **April 2, 2007**.

(3) Rebuttal expert witnesses must be identified **by April 27, 2007**. Depositions of any such rebuttal experts will be completed **by May 29, 2007**.

(4) Dispositive motions not already filed, will be filed **by June 29, 2007**.

(5) Defendant will respond to plaintiff's motion for summary judgment **by June 29, 2007**.

(6) A joint trial memorandum will be filed **45 days** after a ruling on the last dispositive motion.

(7) The case will be trial ready upon filing of the joint trial memorandum.

(8) A settlement conference is scheduled in this case before the undersigned **for June 11, 2007**.

(9) The "Discovery Conference" referred to in Judge Droney's January 22, 2007 Order (Dkt. #118) will be scheduled by the undersigned after Judge Droney rules on Horace Mann's August 31, 2006 objection (Dkt. #97) to the undersigned's August 18, 2006 discovery ruling.

## VI.   CONCLUSION

For the reasons set forth herein, plaintiff's motion for

extension of time **(Dkt. #92)** is **DENIED** as moot, defendant's motion to quash **(Dkt. #100)** is **DENIED,** defendant's motion to compel **(Dkt. #102)** is **GRANTED,** and defendant's Rule 56(f) motion to stay a response to summary judgment **(Dkt. #114)** is **GRANTED.** To the extent that any motion requests fees and costs it is **DENIED** without prejudice. At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with the motions. See Fed. R. Civ. P. 37(a).

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED**

**Dated at Hartford, Connecticut this 1st day of February, 2007.**

>                                **/s/ Thomas P. Smith**
>                                **Thomas P. Smith**
>                                **United States Magistrate Judge**